

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,794-02

**EX PARTE ALVIN DEWAYNE TRIGG, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-55202-J(B) IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery of an elderly person and sentenced to forty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Trigg v. State*, No. 05-10-00576-CR (Tex. App. — Dallas, June 27, 2011) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to meet with or communicate with him before trial, failed to investigate, failed to interview and secure witnesses to testify on Applicant's behalf, and failed to challenge the

testimony of a police detective about identifying Applicant in a video that was not introduced at trial. Applicant alleges that he told trial counsel that his former house mate Ronald Hines had actually committed the offense, and that trial counsel assured him that he would locate Hines but failed to do so.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he met with Applicant prior to the day of trial, and if not, how he communicated with Applicant to discuss the case. Trial counsel shall state whether he was given the name of Ronald Hines, and if so, whether he tried to locate Hines before trial. Trial counsel shall state whether he sought out other witnesses or called any witnesses to testify on Applicant's behalf at either the guilt/innocence of punishment stage of trial. Trial counsel shall state whether a video from a Walgreens store was used to identify Applicant as the robber, and if so, whether the video was introduced at trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the

performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish